In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00229-CV
_____

### WILLIAM T. MORAN III, Appellant

### V.

### STEPHEN T. SCOTT, TRUSTEE OF THE JAMES P. POINSETT TRUST; LEROY M. POINSETT, ET AL, Appellees

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-12-15679-CV**

### MEMORANDUM OPINION

On February 4, 2021, we issued a Memorandum Opinion dismissing this appeal for lack of jurisdiction. We withdraw our opinion of February 4, 2021, and we substitute the following in its place.

Appellant's notice of appeal was filed with this Court on October 8, 2020. The notice of appeal indicated appellant was appealing from "the final

1

judgment/appealable order written and signed by the court on September 4, 2020."

Thereafter, in a letter to this court the Appellant indicated that

> My clients are appealing the decisions the trial court judge made on September 4, 2020, when it heard my clients' Verified Motion to Retain Case and for Hearing. In that hearing the judge announced his decisions, including the decision that he could not rule on anything for lack of jurisdiction. The Official Court Reporter's Record of the hearing contains the court's decisions.

On December 2, 2020, we sent a letter to the parties questioning our jurisdiction. Thereafter, the Appellees filed a Motion to Dismiss the Appeal for Lack of Jurisdiction, and Appellant filed responses. We have reviewed the record and we have been unable to find any written appealable orders signed by the trial court on September 4, 2020.[1]

---

[1] The clerk's record contains several orders, but none dated September 4, 2020. For example, on November 6, 2018, the trial court signed two judgments pertaining to the partition of property both styled as "Interlocutory Judgments:" one pertaining to the "Darden Tracts" and one pertaining to the "Moran Ranch." Both judgments stated, "This Interlocutory Judgment is appealable." Included in both judgments was a finding that the land was not susceptible to partition, and both judgments ordered the land to be sold for cash. Thereafter, the trial court signed decrees confirming the sale of property on June 14, 2019, July 5, 2019, and August 16, 2019. The Receiver filed a Motion to Dismiss with Prejudice on September 30, 2019. On October 31, 2019, the trial court signed an Order Granting the Dismissal of all of Cross-Claimants Non-Partition Claims. William T. Moran and related parties filed a request for the trial court to reconsider its October 31, 2019 ruling dismissing their non-partition claims. The trial court granted an Order of Termination of Receivership and Discharge of Receiver on November 22, 2019. Assuming without deciding that the foregoing judgments were appealable, the Notice of Appeal in this case was filed more than thirty days from the date of any of the foregoing judgments or orders and outside the period for which we may grant an

The time to perfect an appeal begins when there is a signed judgment or appealable written order. Tex. R. App. P. 26.1. The clerk's record must include a copy of the court's judgment or other order that is being appealed. Tex. R. App. P. 34.5. The Appellant has failed to provide us with an appealable judgment or order, and the trial court's oral statements of September 4, 2020, do not constitute an appealable judgment or order.

This Court lacks jurisdiction over this appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on February 3, 2021
Opinion Delivered March 18, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.

---

extension of time to perfect an appeal in relation thereto. *See* Tex. R. App. P. 26.1(a), 26.3.